PERGOLA v. SABATINO.

(Supreme Court, Appellate Term, First Department.   June 8, 1916.)

COURTS ⬤⟿188(3)—MUNICIPAL COURTS—EQUITY JURISDICTION.

Where plaintiff owed a third party on a note and defendant upon a debt secured by mortgage, and at defendant's request plaintiff transferred property to another, who paid the price to defendant, who promised to

pay plaintiff part thereof, plaintiff agreeing to use it to pay his note, in action in Municipal Court for defendant's refusal to pay as agreed, *held*, the agreement was not such as would destroy the chattel mortgage, if enforced, and hence outside the jurisdiction of the court, as calling for the exercise of equity powers.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ☞ 188(3).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles Pergola against Domenico Sabatino. From a judgment of the Municipal Court for defendant, dismissing the complaint after a trial by the court without a jury, plaintiff appeals. Reversed, and new trial granted.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Goetz & Jacoby, of New York City (Isador Goetz, of New York City, of counsel), for appellant.

Philip J. Termini, of New York City, for respondent.

PER CURIAM. The plaintiff has brought an action upon an oral complaint for money had and received and breach of contract. At the trial the plaintiff testified that the defendant asked him to go into business with defendant's son; that thereafter the plaintiff and the defendant bought an ice business for the sum of $2,400. The defendant paid $1,200 of the purchase price on behalf of his son and loaned the plaintiff $800. The plaintiff then borrowed from a third party the sum of $400, and gave his promissory note therefor, and then gave to the defendant a chattel mortgage for $800 upon his share of the business to secure the defendant for the amount loaned to the plaintiff. Thereafter the defendant suggested that the partnership, consisting of the plaintiff and the defendant's son, should take in a third member, and after some discussion the plaintiff agreed. The third partner paid for his share of the business the sum of $800. This money was paid directly to the defendant, but the defendant promised to pay $400 of the amount received to the plaintiff, who agreed to use this amount to pay off his promissory note for $400. The defendant now refuses to pay to the plaintiff any part of the $800 received by him for his share of the business owned by his son and the plaintiff.

When these facts appeared, the trial justice dismissed the complaint, on the ground, apparently, that such an arrangement would destroy the chattel mortgage, and that the court has no jurisdiction to give a judgment which would alter or modify the obligation incurred under the mortgage. It seems quite obvious that the court has jurisdiction in this action. The court is not called upon in any way to specifically enforce any contract, or to take to itself any other equity powers. A judgment in favor of the plaintiff would leave the rights of the parties under the chattel mortgage in exactly the same postition as they are at present. By agreement between the plaintiff and the defendant the plaintiff has transferred to a third party a one-third interest in his share of the business. The court is not called upon now to do any-

thing except to see that the plaintiff is compensated in accordance with his agreement for the transfer made by him.

It follows that the judgment should be reversed, and a new trial granted, with $30 costs to the appellant to abide the event.